IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MICHAEL GROGAN,<br><br>              Plaintiff,<br>v.<br><br>CITY OF PORT ARTHUR POLICE DEPARTMENT, MARRY POTTS, and JEFF THOMPSON<br><br>              Defendants. | NO. 1:22-CV-00263-MAC-ZJH |

## REPORT AND RECOMMENDATION DISMISSING CASE

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. On June 23, 2022, *pro se* Plaintiff Michael Grogan filed the instant *Complaint*, and moved to proceed *in forma pauperis*. Doc. Nos. 1-2. Grogan brings this civil rights action pursuant to 42 U.S.C. § 1983, as well as New Mexico Statute § 37-1-8 (2018), against the City of Port Arthur Police Department, Mary Potts, the Senior Claims Specialist for the Texas Municipal League Intergovernmental Risk Pool ("TMLIRP"), and Jeff Thompson, the Executive Director of TMLIRP. Doc. No. 1. After reviewing Grogan's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that the Plaintiff meets the indigence requirements of 28 U.S.C. § 1915. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B) the undersigned recommends that the court dismiss the case *sua sponte* because Grogan has failed to state a claim upon which relief can be granted.

I.  **Factual Background**

The facts of the instant action arise out of a resulting injury from Grogan's arrest. Doc. No. 1 at 7. In December 2019, Port Arthur police officers arrested and handcuffed Grogan, placing her in the backseat of a police vehicle. *See id.* at 9. Police officers then ordered Grogan exit the vehicle onto a public street, and allegedly pushed her "up against the [passenger] side" of the police car. *Id.* at 7. While Grogan was handcuffed and waiting outside of the vehicle, Grogan alleges another driver on the road "[ran] over [her] left foot," breaking her toe and fracturing her left ankle. *Id.* Later that same day, Grogan then alleges a different police officer assaulted her by placing her "hands [] around my throat area." *Id.* at 10. Also on that same day, officers brought Grogan to an urgent care facility, where she was treated and discharged. *Id.* at 11-12.

Sometime between the incident in December 2019 and June 2020, Grogan filed a complaint with the City of Port Arthur ("City"). *Id.* The City then forwarded her complaint to the Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") for review. *Id.* Senior Claims Specialist Mary Potts sent Grogan a letter, stating TMLIRP assessed Grogan's complaint, and concluded that because "there has been no evidence of wrongdoing on behalf of the City, [her] claim is denied in its entirety." *Id.*

On June 23, 2022, Grogan brought the instant action against the City of Port Arthur Police Department, Mary Potts, and the Executive Director of TMLIRP, Jeff Thompson. Doc. No. 1. On that same day, Grogan filed a *Motion for Leave to Proceed In Forma Pauperis*. Doc. No. 2.

II. **Legal Standard**

Title 28 of the United States Code § 1915(e)(2)(B) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the court determines at any time that the action "(i) is frivolous

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

When a court analyzes whether a plaintiff has stated a claim on which relief may be granted, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept all factual allegations as true, the court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also id.* at 678-79. The court should only determine whether a plaintiff has stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Dismissal for failing to state a claim is warranted if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).

### III. Discussion

#### A. Statute of Limitations

Grogan's claims all concern the events that allegedly occurred on December 28, 2019. *See generally* Doc. No. 1. Grogan filed the instant *Complaint* on June 23, 2022, well over two years

after these events took place, and as such, cannot proceed with her action under either 42 U.S.C. § 1983 nor New Mexico Statute, N.M.Stat.Ann. § 37-1-8.

There is no federal statute of limitations for 42 U.S.C. 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). Accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. The plaintiff does not need to know that she has a legal cause of action, she only needs to know the facts that would support a legal claim. *Peotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

While Grogan also brings a cause of action under N.M.Stat.Ann. § 37-1-8 (1978), Ex. 2, Doc. No. 1-1, which carries a three-year statute of limitation period, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), this statute simply cannot apply. New Mexico law and statutes are inapplicable in the instant case, as the basis for jurisdiction is federal question jurisdiction, not diversity jurisdiction, all events took place in Port Arthur, Texas, and all defendants are domiciled in Texas. *See generally* Doc. No. 1. New Mexico law has no place in this proceeding.

Therefore, the only applicable statute of limitations period this court will consider is the two-year period under Texas state law. Accordingly, because Grogan brought the instant complaint nearly two-and-a-half years later, her claims are barred and should be dismissed as frivolous. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

B. Jural Authority

Grogan has named the City of Port Arthur Police Department as a defendant in this action. Doc. No. 1 at 1. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby*, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.*; *Pantoja v. Dallas County Jail*, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit).

The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. Here, however, Grogan has failed to allege or demonstrate that the City of Port Arthur Police Department in this action is a separate legal entity having jural authority with the capacity to be sued.

Additionally, to the extent Grogan's claims can be liberally construed against the City of Port Arthur and Jefferson County, Grogan's claims should still be dismissed for failure to state a claim upon which relief may be granted.

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a constitutionally or federally protected right, privilege or immunity by a person acting under color of state law. Traditionally, municipalities, such as Jefferson County and the City of Port Arthur, were not considered to be "persons" acting under color of state law. *See Monroe v. Pape,* 365 U.S. 167 (1961). However, in *Monell v. Department of Social Services,* 436 U.S. 658

(1978), the Supreme Court held that municipalities could be held liable for monetary, declaratory, and injunctive relief in § 1983 proceedings so long as the action that is alleged to be unconstitutional implements or executes an official municipal policy.  Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."  *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

However, "[i]solated violations are not the persistent, often repeated constant violations that constitute custom and policy" as required for municipal Section 1983 liability.  *Bennett v. City of Sidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).

A governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior.  *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Monell*, 436 U.S. 658.  A municipality can be found liable under Section 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to "official policy or custom."  *Monell*, 436 U.S. at 690-91.  Accordingly, to the extent Grogan's claims are against the City of Port Arthur and Jefferson County, they also fail to state a claim upon which relief may be granted.

    C.  State Actor

Lastly, Grogan has named two private actors as defendants in this action–Mary Potts and Jeff Thompson– and alleges both named defendants violated section 1983.  These claims must fail as well.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged

deprivation was committed by a person acting under color of state law." *Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021) (quotation omitted). The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 102 S. Ct. 2744, 2753 (1982). A violation of state law standing alone does not establish a violation of federal constitutional law. *See Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989).

Here, both defendants are sued for actions taken as private citizens, and neither defendant is alleged to qualify as a state actor. *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts 'under color of state law' if he engages in the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citations omitted).

Indeed, not only is neither defendant alleged to have acted as "a person acting under color of state law," *Sanchez*, 995 F.3d at 466, but it is especially unclear which laws Potts and Thompson violated. *Id.* Grogan received a denial letter from TMLIRP on June 26, 2020, informing her TMLIRP will not assist in paying for her medical services. Doc. No. 1 at 13. Thus, not only are Mary Potts and Jeff Thompson private actors, but Grogan has failed to allege exactly how such a denial letter constituted a violation of either "the Constitution or laws of the United States." *Sanchez*, 995 F.3d at 446.

Accordingly, because Mary Potts and Jeff Thompson are private actors that did not allegedly commit any illegal acts, Grogan's claims must fail here too as well.

Recommendation

Plaintiff's motion to proceed *in forma pauperis* should be granted. Plaintiff's complaint should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 28th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge